*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENDALL DESHONDRE THORNTON,

        Defendant-Appellant.

UNPUBLISHED
July 09, 2026
3:41 PM

No. 367344
Genesee Circuit Court
LC No. 2021-047681-FC

Before: YOUNG, P.J., and BORRELLO and TREBILCOCK, JJ.

PER CURIAM.

As a result of a cold-case investigation, the Flint Police Department connected defendant, Kendall Thornton, and his accomplice, Terrill Chaney, to the 2011 robbery and fatal shooting of Tamara Bates. They were jointly tried over a decade later, with the prosecutor's primary evidence being (1) a text-message exchange from 2011 during which a witness relayed that Chaney admitted that the pair broke into Bates's home to look for money and that defendant shot a woman in the process, (2) testimony from another witness that Chaney spoke to him about the robbery and killing, and (3) defendant's latent prints at the scene. Based on this and other evidence, a jury convicted defendant of felony-murder, MCL 750.316(1)(b); armed robbery, MCL 750.529; first-degree home invasion, MCL 750.110a(2); and three counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court, applying a fourth-offense habitual offender enhancement under MCL 769.12, sentenced defendant to a mandatory sentence of life imprisonment without the possibility of parole for felony-murder, to 600 months' to 900 months' imprisonment for armed robbery, to 320 months' to 50 years' imprisonment for first-degree home invasion, and to three terms of two years' imprisonment for felony-firearm.

On appeal, defendant challenges the sufficiency of the evidence supporting his convictions, several evidentiary rulings made during the trial, and the proportionality of his armed-robbery sentence. We affirm defendant's convictions, vacate his felony-murder sentence due to binding authority from our Supreme Court concerning those who were 19-years old (like defendant) during the commission of a crime that resulted in a mandatory life-without-the-possibility-of-parole sentence, and remand for resentencing consistent with this opinion.

# I. SUFFICIENCY OF THE EVIDENCE

We turn first to defendant's contention that the prosecutor presented insufficient evidence to sustain the convictions for armed robbery, first-degree home invasion, and felony-murder. Reviewing this issue de novo, *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010), we cannot agree.

"In determining whether sufficient evidence exists to sustain a conviction, this Court reviews the evidence in the light most favorable to the prosecution, and considers whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks and citation omitted). "The standard of review is deferential; a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015) (quotation marks and citation omitted).

Before turning to the merits of this issue, we begin with an observation about the argument defendant's counsel submitted. After citing basic legal principles concerning the sufficiency of the evidence and a case concerning the prosecution's requirement to establish identity of the perpetrator beyond a reasonable doubt, see *People v Kern*, 6 Mich App 406; 149 NW2d 216 (1967), counsel's entire argument on this issue consists of a block quote from trial counsel's motion for a directed verdict. In our view, regurgitating word-for-word what trial counsel argued below without any additional factual support, record citations, or applicable caselaw is akin to just simply "announc[ing] a position or assert[ing] an error and then leav[ing] it up to this Court to discover and rationalize the basis for his claims." *People v Beck*, 510 Mich 1, 26; 987 NW2d 1 (2022) (quotation marks, citation, and omissions omitted).

We address the merits of the claim nonetheless and hold a rational juror could easily find the evidence sufficient to support that defendant participated in an armed robbery, first-degree home invasion, and murder. Consider first the contemporaneous text messages indicating Chaney and defendant sought to steal money from the victim's home and kicked the door open. Evidence discovered from the scene corroborated those messages—a gun was taken from the home, the door was indeed kicked open, and impressions of defendant's "left middle finger three times, his left palm one time, and his left little finger once" were found on a garbage bag at the scene. And if that were not enough, Chaney told a witness, Jerod Blond, that he and "KD" (defendant's nickname) "went and hit a lick" (a robbery) and that "a lady was shot in the midst of the . . . lick." Finally, Bates was shot and killed with a gun other than the AK-47 stolen from the home. These facts more than establish the elements of armed robbery, *People v Muhammad*, 326 Mich App 40, 61; 931 NW2d 20 (2018), first-degree home invasion, *People v Bush*, 315 Mich App 237, 244; 890 NW2d 370 (2016), and felony-murder, *Beck*, 510 Mich at 31 n 17.

## II. THE TRIAL COURT'S EVIDENTIARY RULINGS

We next turn to defendant's various admission-of-evidence challenges, which this Court reviews for an abuse of discretion. *People v Thorpe*, 504 Mich 230, 251; 934 NW2d 693 (2019). Decisions involving "a close evidentiary question ordinarily cannot be an abuse of discretion." *Id.* at 252. Instead, we may not disturb a trial court's evidentiary decision unless it falls outside the range of principled outcomes. *Id.*

-2-

*McCaskill's 2017 Police Interview*. Defendant first contends that the trial court should not have admitted the recording of DeShawn McCaskill's 2017 police interview, during which McCaskill discussed his sending and receiving text messages to another (Kadeem Carter) just after the murder that implicated defendant and Chaney. On appeal, defendant claims the prosecution did not establish the foundational requirements to admit it as a recorded recollection under MRE 803(5). We disagree.

The plain text of MRE 803 excludes the following from the hearsay rule even when the declarant is available to testify:

> **(5) Recorded Recollection.** A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

To qualify as an admissible recorded recollection under MRE 803, three foundational requirements must be satisfied: "(1) the document pertains to matters about which the declarant once had knowledge, (2) the declarant has an insufficient recollection of those matters at trial, and (3) the document was made or adopted by the declarant while the matter was fresh in his or her memory." *People v Chelmicki*, 305 Mich App 58, 64; 850 NW2d 612 (2014).

The trial court did not abuse its discretion by admitting McCaskill's interview into evidence under MRE 803. McCaskill testified that he did not remember any police officers coming to talk to him in 2011 about text messages, said that he did not remember anything at all from 2011, and had no recollection of police interviewing him at his job in December 2017. In short, McCaskill once had knowledge of the information discussed during the interview but at trial did not. And while McCaskill did not "make" the audio recording, he accepted the statements made in it because he was the maker of those statements. Defendant proffers no argument that the audio recording was tampered with or otherwise altered. His challenge to its admission, therefore, lacks merit.

Defendant next contends that the trial court should have allowed the entire interview to be played for the jury under MRE 106's Rule of Completeness. At the time of trial, MRE 106 provided:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement *which ought in fairness* to be considered contemporaneously with it. [Emphasis added.]

Based on its review, the trial court did not permit the admission of McCaskill's entire interview, concluding the remaining portions of the interview did not pertain to the instant case, involved only McCaskill talking about other unrelated murders, and bore no relevance to the issues at trial. We see no reason to disturb that determination on abuse-of-discretion review, for "MRE 106 does not automatically permit an adverse party to introduce into evidence the rest of a document once

the other party mentions a portion of it." *People v Herndon*, 246 Mich App 371, 411 n 85; 633 NW2d 376 (2001). Moreover, defendant presents on appeal no cogent argument or law detailing why the entire interview was required for fairness purposes, and yet again leaves it to us to determine in the first instance. See *Beck*, 510 Mich at 26. This approach is wanting and will not yield the desired result.

*Text Messages*. His challenge to the trial court's admission of McCaskill's 2011 text messages themselves fares no better. On appeal, defendant asserts that the interview could not serve as a foundation for admitting the text messages because McCaskill never adopted them during the 2017 interview. But MRE 801(D)(2)(A) and MRE 803(1) dictate otherwise. More specifically, McCaskill's text messages were admissible under the present-sense-impression hearsay exception, MRE 803(1), because in them McCaskill—the declarant—contemporaneously relayed statements Chaney made to him. See *Chelmicki*, 305 Mich App at 63 (explaining that MRE 803(1) permits the admission of a hearsay statement when: (1) the statement provides "an explanation or description of the perceived event," (2) the declarant "personally perceived the event," and (3) the explanation or description was "made at a time substantially contemporaneous with the event") (quotation marks and citation omitted). And to the extent the text messages reflected statements Chaney made to McCaskill, such statements were not hearsay when offered against a defendant at trial. See MRE 801(d)(2)(a); *People v Smith*, 336 Mich App 79, 110; 969 NW2d 548 (2021) ("The statement of a party-opponent offered against that party at trial is not hearsay.").

*Cross-Examination of Blond*. Defendant's final evidentiary challenge is that the trial court improperly limited his attorney's cross-examination of Blond, the witness who testified that Chaney spoke to him about the robbery and killing. Other than vague references to not knowing enough specifics about Blond's plea deal and him allegedly lying to meet with the Parole Board at some unknown time, defendant advances little to find reversible error in the trial court's rulings regarding the testimony of Blond. Indeed, defendant fails to identify a specific evidentiary ruling made by the trial court that is objectionable. That constitutes abandonment. See *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Defendant's failure to develop this argument likely springs from the fact that Blond testified that he appeared as a witness for the prosecution under an agreement to reduce pending charges to second-degree murder in exchange for truthful testimony about the 2011 Bates murder investigation and other cases of which he claimed knowledge. And the trial court allowed defendant's trial counsel to cross-examine Blond on these issues. Under this record, there is no error requiring reversal.

## IV. SENTENCING

Defendant's final contention concerns his armed robbery sentence.[1] He argues that his minimum sentence of 50 years for armed robbery is a de facto life sentence. Confoundingly, he does not raise any issue with his actual life-without-the-possibility-of-parole sentence. We note

---

[1] Defendant's appellate brief also mentions cumulative error, but he did not raise it in his statement of the questions presented as required by MCR 7.212(C)(5), and, therefore, it is not preserved for appeal. See *People v Brown*, 239 Mich App 735, 748; 610 NW2d 234 (2000). Regardless, there were no errors concerning his convictions to accumulate.

that the cases he cites to argue that his sentence for armed robbery is disproportionate is the same line of cases that ultimately affords him resentencing on his felony-murder conviction.

Specifically, in *Miller v Alabama*, the United States Supreme Court held that mandatory life without the possibility of parole sentences for those under the age of 18 at the time of their crimes constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. 567 US 460, 465; 132 S Ct 2455; 183 L Ed 407 (2012). The Court also held sentencing courts may still exercise their discretion to impose life sentences on juveniles (after consideration of certain factors), *id*. at 477-479, but emphasized that they must be able to impose lesser sentences by considering the "mitigating qualities of youth," *id*. at 476 (quotation marks and citation omitted). Our Supreme Court has since extended *Miller*'s holding under Michigan's similar constitutional proscription to include 18-year-old offenders, *People v Parks*, 510 Mich 225, 244-245; 987 NW2d 161 (2022), as well as 19- and 20-year-olds, *People v Taylor*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket Nos. 166428 and 166654); slip op at 2, 37-38.[2] Of import, defendant filed his appellant brief before *Taylor* and neither he nor the prosecutor filed supplemental authority. That failure notwithstanding, *Taylor* requires us to vacate defendant's felony-murder sentence and remand for resentencing consistent with *Miller* and MCR 769.25. See MCR 7.216(A)(7) (providing that this Court may order any relief "as the case may require").[3]

Concerning his armed-robbery conviction, his sentencing guidelines range was 225 to 750 months. The trial court imposed a within-guideline, 600-month minimum sentence and that sentence thus enjoys a presumption of proportionality. *People v Posey*, 512 Mich 317, 357, 360; 1 NW3d 101 (2023).

The main thrust of defendant's contention on appeal is that standards for youth sentencing are evolving and as a result, because his 50-year-minimum sentence for armed robbery constitutes a de facto life sentence, it is disproportionate to him and his offense. Because we remand for resentencing under *Taylor*, we decline to address this issue. While the *Taylor* ruling on its face applies only to defendant's felony-murder sentence, on remand the proceedings can encompass, in some circumstances, resentencing on lesser offenses as well. See *People v Turner*, 505 Mich 954, 936 NW2d 827, 828 (2020). For that reason, we decline to address the proportionality of defendant's armed robbery sentence at this juncture and leave it to defendant to either raise as permissible below, or to bring it to our attention again in a subsequent appeal after resentencing.

---

[2] At his sentencing in 2023, he joined Chaney's motion to adjourn sentencing that anticipated *Taylor*'s extension of *Miller* that now covers both of them. The trial court denied that motion, and as relevant here, imposed a mandatory life sentence without the possibility of parole for his felony-murder conviction.

[3] Defendant was 19 years old when he committed these offenses (but was 32 at the time of sentencing).

## V. CONCLUSION

For these reasons, we affirm defendant's convictions, vacate his sentence for felony-murder and remand for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Stephen L. Borrello
/s/ Christopher M. Trebilcock